MORGAN, LEWIS & BOCKIUS LLP
(A Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, New Jersey 08540-7814
Richard G. Rosenblatt
August W. Heckman III
Emily Cuneo DeSmedt
Phone: (609) 919-6600
Fax: (609) 919-6701
*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUDY MARTINEZ<br><br>Plaintiff,<br><br>v.<br><br>AMAZON FULFILLMENT SERVICES, INC. and JOHN DOES 1-5 AN 6-10,<br><br>Defendants | Civil Action No.:<br><br>NOTICE OF REMOVAL<br><br>**Document Electronically Filed** |

**TO:    THE CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(a) and 1446, Defendant

Amazon.com.dedc, LLC ("Amazon," incorrectly identified in the Complaint as "Amazon

Fulfillment Services, Inc."), by and through its attorneys, Morgan, Lewis & Bockius LLP,

hereby removes the above-captioned action from the Superior Court of the State of New Jersey

in and for Burlington County, Case No. BUR-L-002335-17, to the United States District Court

for the District of New Jersey.  In support of this Notice of Removal, Defendant states as

follows:

## PROCEDURAL BACKGROUND

1.      Pursuant to Rule 10.1(a) of the Local Civil Rules, the addresses of the named

parties are as follows:  upon information and belief, Plaintiff Trudy Martinez ("Plaintiff") resides

at 402 Hulme Street, Burlington, New Jersey 08016 and is represented by Costello & Mains,

LLC, 18000 Horizon Way, Suite 800, Mount Laurel 08054.  Both Amazon.com.dedc, LLC,

which was Plaintiff's employer, and Amazon Fulfillment Services, Inc., the defendant Plaintiff

has improperly named, are wholly-owned subsidiaries of Amazon.com, Inc., which is a

Delaware corporation, and has a principal place of business at 410 Terry Avenue, North Seattle,

Washington 98109.  Amazon is represented by Morgan, Lewis & Bockius LLP, 502 Carnegie

Center, Princeton, New Jersey 08540.

2.      On October 25, 2017, Plaintiff filed a civil action in the Superior Court of the

State of New Jersey, Burlington, New Jersey, captioned *Trudy Martinez v. Amazon.Fulfillment*

*Services, Inc., et al.*, Civil Action No. BUR-L-002335-17.

3.      In her Complaint, Plaintiff alleges "discrimination based upon pregnancy,

disability and/or perceived disability.  *See* Complaint ("Compl."), Ex. A, Preliminary Statement.

4.      Plaintiff could have originally filed this action against Defendant in this Court

pursuant to 28 U.S.C. § 1331 and § 1332.

5.      Plaintiff served her Complaint on Defendant on November 6, 2017.

6.      Fewer than thirty (30) days have elapsed since Plaintiff served the Summons and

Complaint on Defendant.  Accordingly, Defendant has timely filed this Notice of Removal under

28 U.S.C. § 1446(b).  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354

(1999) (explaining that 30-day removal period begins to run on the date of service).

7.      No proceedings have been held in the Superior Court of the State of New Jersey,

Burlington County since Plaintiff filed her Complaint.  The Summons, Complaint, and Jury

Demand – copies of which are attached hereto as **Exhibit A** – constitute the entirety of the process, pleadings, and orders Defendant has received in this case to date.  *See* 28 U.S.C. § 1447(b).

## GROUNDS FOR REMOVAL

8.      Section 1441(a) of Title 28 of the United States Code provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

9.      Federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  *See* 28 U.S.C. § 1332.

10.     Defendant may remove this case to this Court in accordance with 28 U.S.C. § 1441 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because this is an action between citizens of different states.  *See* 28 U.S.C. § 1332.

### Amount in Controversy

11.     In her Complaint, Plaintiff seeks monetary damages and equitable relief, averring that Defendant failed to accommodate her pregnancy and terminated her employment because of her pregnancy and her alleged disability and in retaliation for her request for an accommodation in violation of the New Jersey Law Against Discrimination. *See* Compl., Ex. A. at ¶¶ 39-53.

12.     Plaintiff seeks, *inter alia*, compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay and front pay, equitable reinstatement, and equitable instatement and/or promotion. *Id.*

3

13.     Plaintiff also seek emotional distress and/or pain and suffering damages and attorneys' fees.  *Id.,* at ¶¶ C-D.

14.     While Plaintiff does not quantify the damages she seeks to recover, she cannot show to a legal certainty that her alleged damages amount to less than $75,000.  *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (holding where a plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum, the case is to be remanded only if "it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount"); *Raspa v. Home Depot*, 533 F. Supp. 2d 514, 522 (2007) (denying motion to remand where plaintiffs sought damages, interest, costs of suit and attorney fees because plaintiffs did not expressly limit damages to $75,000 or less and attorney's fees alone can add up to hundreds of thousands of dollars).

15.     Based on the allegations of the Complaint, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of seventy-five thousand dollars ($75,000.00).

**Citizenship**

16.     Plaintiff is a citizen of the State of New Jersey.  See Compl., Ex. A, ¶ 1.

17.     Under 28 U.S.C. §1332(c)(1), a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1), while "the citizenship of an LLC is determined by the citizenship of its members."  *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).

18.     Amazon.com.dedc, LLC, a wholly-owned subsidiary of Amazon.com, Inc., is a citizen of Delaware and Washington because its sole member, Amazon.com, Inc., is incorporated in Delaware and has its principal place of business in Washington.

4

19.     Similarly, Amazon Fulfillment Services, Inc., which was never Plaintiff's employer, is also a wholly-owned subsidiary of Amazon.com, Inc., and is a citizen of Delaware and Washington because it is incorporated in Delaware and his its principal place of business in Washington.

20.     Accordingly, complete diversity of citizenship exists between Plaintiff and Amazon.

## ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

21.     Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the District of New Jersey is the federal judicial district and division embracing the Superior Court of New Jersey, Burlington County, where Plaintiff originally filed this action, and a substantial part of the alleged events giving rise to Plaintiff's claims are alleged to have occurred in this judicial district. *See generally* Compl., Ex. A.

22.     In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the State of New Jersey, Burlington County, where the suit has been pending.

23.     As of the date of the Notice of Removal, the undersigned Defendant is the only named defendant who has received the Summons and Complaint.  Thus, all Defendants who have been served either join in or consent to this Notice of Removal.  28 U.S.C. § 1441.

WHEREFORE, pursuant to 28 U.S.C. § 1441(a) and in conformity with the requirements set forth in 28 U.S.C. § 1446, Defendant hereby removes this action to the United States District Court for the District of New Jersey and respectfully requests that the Superior Court of the State of New Jersey, Burlington County proceed no further with respect to this case in accordance with 28 U.S.C. § 1446.

Dated:  December 6, 2017   Respectfully submitted,

          MORGAN, LEWIS & BOCKIUS LLP

          *s/ Emily Cuneo DeSmedt*
          Richard G. Rosenblatt
          August W. Heckman III
          Emily Cuneo DeSmedt
          502 Carnegie Center
          Princeton, New Jersey 08540
          Telephone: (609) 919-6600
          Facsimile: (609) 919-6701
          richard.rosenblatt@morganlewis.com
          august.heckman@morganlewis.com
          emily.desmedt@morganlewis.com
          *Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 6th day of December, 2017, a true and correct copy of

the foregoing Notice of Removal with exhibit was served on the party listed below via Federal

Express:

Drake Bearden, Esquire
Costello & Mains, LLC
18000 Horizon Way, Suite 800
Mount Laurel, New Jersey 08054
*Attorney for Plaintiff*

*s/ Emily Cuneo DeSmedt*
Emily DeSmedt

# EXHIBIT A



**null / ALL**
**Transmittal Number: 17364335**
**Date Processed: 11/07/2017**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Ms. Lynn Radliff<br>Amazon.Com, Inc.<br>P.O. Box 81226<br>Seattle, WA 98108-1226 |
| **Electronic copy provided to:** | Scotty Bauder<br>Elizabeth Hernandez<br>Lynn Foley-Jefferson<br>Joell Parks<br>Lizette Fernandez<br>Tammy Malley-Naslund<br>Theresa Nixon<br>Gianmarco Vairo<br>Jesse Jensen<br>Annamaria Taskai<br>Christine Schram<br>Rochelle Lewis<br>Karen Curtis<br>Kimberly Thomas<br>Maria Catana |

| | |
|---|---|
| **Entity:** | Amazon Fulfillment Services, Inc.<br>Entity ID Number  2102616 |
| **Entity Served:** | Amazon Fulfillment Services, Inc |
| **Title of Action:** | Trudy Martinez vs. Amazon Fulfillment Services Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Burlington County Superior Court, New Jersey |
| **Case/Reference No:** | BUR-L-002335-17 |
| **Jurisdiction Served:** | New Jersey |
| **Date Served on CSC:** | 11/06/2017 |
| **Answer or Appearance Due:** | 35 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Drake P. Bearden<br>856-727-9700 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# Costello & Mains, LLC

### Counselors at Law

Kevin M. Costello◊
Deborah L. Mains○
Daniel T. Silverman□



Drake P. Bearden, Jr. □
Michael J. Reilly +
John R. Johnson □
Marisa J. Hermanovich □

◊CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY

○ Member of the New Jersey, New York Bars.
+ Member of the New Jersey Bar
□ Member of the New Jersey, Pennsylvania Bars
Δ Pending Membership of the New Jersey Bar

www.CostelloMains.com
(856) 727-9700
(856) 727-9797 (fax)

November 03, 2017

**VIA PROCESS SERVER**
Amazon Fulfillment Services, Inc.
100 Princeton South Corporate Center
Ewing, NJ 08628

        Re:        **Trudy Martinez v. Amazon Fulfillment Services, Inc., et al.**
                   **Docket No.: BUR-L-002335-17**

To Whom It May Concern:

        Enclosed for service upon you please find the following:  Summons and Complaint; Case Information Statement; track assignment; Plaintiff's First Set of Interrogatories to Defendants and Plaintiff's First Request for Production of Documents to Defendants, in the above matter.

        Thank you.

                   Very truly yours,

                   **COSTELLO & MAINS, LLC**

        By:        _Drake P. Bearden, Jr._

DPB/at
Enclosures
cc:        Trudy Martinez

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

# Costello & Mains, LLC

### Counselors at Law

**Kevin M. Costello**◊
**Deborah L. Mains**○
**Daniel T. Silverman**□



**Drake P. Bearden, Jr.** □
**Michael J. Reilly** +
**John R. Johnson** □
**Marisa J. Hermanovich** □

◊CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY

○ Member of the New Jersey, New York Bars.
+ Member of the New Jersey Bar
□ Member of the New Jersey, Pennsylvania Bars
Δ Pending Membership of the New Jersey Bar

**www.CostelloMains.com**
**(856) 727-9700**
**(856) 727-9797 (fax)**

November 03, 2017

Amazon Fulfillment Services, Inc.
100 Princeton South Corporate Center
Ewing, NJ 08628

      **Re:**    **Trudy Martinez v. Amazon Fulfillment Services, Inc., et al.**
              **Docket No.: BUR-L-002335-17**

To Whom It May Concern:

     Please be advised that this office represents the interests of the above-named plaintiff in this action.

     The term "you," "your" or "yours" as used herein shall refer to you (the recipient of this letter), as well as any and all named defendants in this matter, its affiliates and/or subsidiaries, its employees, representatives and/or agents and officials, as well as any and all individuals responsible for the custody and control of the below information, including but not limited to those individual's administrative assistants, secretaries, agents, employees, information technology personnel and third-party vendors.

     You are directed from this point forward to prevent any "spoliation", defined as alteration, change, updating, periodic destruction of, editing or deletion of, any of the information which is set forth hereafter.

     If you cause any such alteration, destruction or change, directed or allow it to occur, you will be potentially charged with discovery rule violations for which sanctions may be imposed. Further, the Complaint may be amended to add purposeful and/or reckless or negligent destruction or spoliation of evidence. Finally, we may ask for specific instructions to the jury to find certain facts to your disadvantage by virtue of the destroyed or inaccessible evidence.

### 18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054

November 03, 2017
Page 2 of 3

## Electronically Stored Information

In terms of electronically stored information, you are directed to prevent any destructive, alterative or other change to any web pages, virtual profiles or identities (including *but not limited to* Myspace, Facebook, Instagram, Pinterest, Twitter, Tumblr, LinkedIn, Google Plus+, Flickr, Vine, About.me, ask.fm etc. or any other social media-based web profile or networking site account.), emails, voice messages, text messages, instant messages or messaging systems, pertaining in any way to this controversy or to the parties or witnesses, recordings, digital recordings, media images and videos, temporary memory, memory sticks, portable memory devices, laptops or computers, CDs, DVDs, USB devices, databases, computer activity logs, internet browsing history (including cookies), network access and server activity logs, word processing files and file fragments, back-up and archival files, imaging and facsimile files, electronic calendar and scheduling program files and file fragments as well as any other contact and relationship management data (e.g., Outlook, ACT!), electronic spreadsheet files and file fragments, related to this matter. This includes a request that such information not be modified, altered or deleted as a result of data compression or disk fragmentation (or other optimizations procedures), which processes you are hereby directed to suspend until such time as that data can be preserved, copied and produced.

You are directed not modify, alter or delete—or allow modifications, alterations or deletions to be made to—any such electronically stored information unless an exact replica or "mirror image" has been made and will preserved and made accessible for purposes of discovery in this litigation and unless, in addition, an activity log of all document modifications already made to any electronically stored information is maintained.

Electronic documents and the storage media on which they reside contain relevant, discoverable information beyond that which may be found in printed documents. Therefore, even where a paper copy exists, we will seek all documents in their electronic form along with information about those documents contained on the media. We also will seek paper printouts of only those documents that contain unique information after they were printed out (such as paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting and redactions) along with any paper documents for which no corresponding electronic files exist.

You are further directed to preserve and not destroy all passwords, decryption procedures (including, if necessary, the software to decrypt the files); network access codes, manuals, tutorials, written instructions, decompression or reconstruction software, and any and all other information and things necessary to access, view and (if necessary) reconstruct the electronic data we will request through discovery.

## Paper Information

In terms of paper information, you are directed to preserve any and all contracts and contract drafts, emails, memos and drafts of memos, handbooks (past and present), policies (past and present) and drafts, employment files, pay stubs or duplicates, spreadsheets, lists, documents,

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

November 03, 2017
•  Page 3 of 3

notes, correspondence, photographs, investigative information or other documents which pertain in any way to the controversy, parties or witnesses in this matter.

        Please be guided accordingly.

        Very truly yours,

        **COSTELLO & MAINS, LLC**

**By:** _____
        **Drake P. Bearden, Jr.**

DPB/at
cc:    Trudy Martinez

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

**COSTELLO & MAINS, LLC**
By: Drake P. Bearden, Jr.
Attorney I.D. No. 039202009
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| TRUDY MARTINEZ, <br><br> Plaintiff(s), <br><br> vs. <br><br> AMAZON FULFILLMENT SERVICES INC. and JOHN DOES 1-5 AND 6-10, <br><br> Defendant(s). | SUPERIOR COURT OF NEW JERSEY <br><br> BURLINGTON COUNTY - LAW DIV. <br><br> CIVIL ACTION <br><br> DOCKET NO: BUR-L-002335-17 <br><br> **SUMMONS** |

**From The State of New Jersey to the Defendant Named Above:**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy

clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf

/s/   Michelle M. Smith
Clerk of the Superior Court

DATED: November 03, 2017

**Name of Defendant to be Served:**      Amazon Fulfillment Services, Inc.

**Address of Defendant to be Served:**    C/O CSC
100 Princeton South Corporate Center
Ewing, NJ 08628

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Courthouse, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Streets
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl. Court House
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House – 1st Floor
583 Newark Avenue
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor – Tower
56 Paterson Street
New Brunswick, NJ 08903

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 866-0020

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Washington and Court Streets
P.O. Box 910
Morristown, NJ 07963

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 29
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1ˢᵗ Fl., Court House
2 Broad Street
Elizabeth, NJ 07207

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvedere, NJ 07823

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

BURLINGTON COUNTY
SUPERIOR COURT
49 RANCOCAS ROAD
MT HOLLY        NJ 08060

                              TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (609) 518-2815
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   OCTOBER 25, 2017
                    RE:     MARTINEZ TRUDY  VS AMAZON FULFILLMENT S ERVICES I
                    DOCKET: BUR L -002335 17

     THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON JOHN E. HARRINGTON

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    002
AT:  (609) 518-2814.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:

                         ATT: DRAKE P. BEARDEN
                         COSTELLO & MAINS LLC
                         18000 HORIZON WAY
                         SUITE 800
                         MT LAUREL        NJ 08054-4319

ECOURTS

BUR-L-002335-17   10/25/2017 3:13:34 PM  Pg 1 of 1 Trans ID: LCV2017379775

# Civil Case Information Statement

**Case Details: BURLINGTON | Civil Part Docket# L-002335-17**

Case Caption: MARTINEZ TRUDY  VS AMAZON
FULFILLMENT S ERVICES I

Case Initiation Date: 10/25/2017

Attorney Name: DRAKE P BEARDEN JR

Firm Name: COSTELLO & MAINS, LLC

Address: 18000 HORIZON WAY STE 800

MT LAUREL NJ 080544319

Phone:

Name of Party: PLAINTIFF : MARTINEZ, TRUDY

Name of Defendant's Primary Insurance Company

(if known): Unknown

Case Type: LAW AGAINST DISCRIMINATION (LAD) CASES

Document Type: Complaint with Jury Demand

Jury Demand: YES - 6 JURORS

Hurricane Sandy related? NO

Is this a professional malpractice case?  NO

Related cases pending: NO

If yes, list docket numbers:

Do you anticipate adding any parties (arising out of same

transaction or occurrence)? NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? YES

If yes, is that relationship: Employer/Employee

Does the statute governing this case provide for payment of fees by the losing party? YES

Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:

Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
    If yes, for what language:

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/25/2017
Dated

/s/ DRAKE P BEARDEN JR
Signed

**COSTELLO & MAINS, LLC**
By: Drake P. Bearden, Esquire
Attorney I.D. No. 039202009
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | | |
|---|---|---|
| TRUDY MARTINEZ, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | BURLINGTON COUNTY - LAW DIV. |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| AMAZON FULFILLMENT SERVICES | : | DOCKET NO: |
| INC. and JOHN DOES 1-5 AND 6-10, | : | |
| | : | |
| Defendants. | : | **COMPLAINT AND JURY DEMAND** |

Plaintiff, Trudy Martinez, residing in Burlington, New Jersey, by way of Complaint against the defendants, says:

### Preliminary Statement

Plaintiff brings suit under the New Jersey Law Against Discrimination ("LAD"), alleging discrimination based upon pregnancy, disability and/or perception of disability.

1

### Identification of Parties

1.       Plaintiff Trudy Martinez is, at all relevant times herein, a resident of the State of New Jersey and a former employee of the defendant.

2.       Defendant Amazon Fulfillment Services Inc. is a corporation with its registered agent business at 100 Princeton South Corporate Center, Ewing, New Jersey 08628 and conducting business at 309 Cedar Lane, Florence, New Jersey 08518.

3.       Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

### General Allegations

4.       Plaintiff was hired by defendant on or about October 26, 2016.

5.       Plaintiff was responsible for taking boxes off line and either receiving or sorting items.

6.       If sorting was required, plaintiff had to move the box to different station.

7.       Plaintiff learned she was pregnant in November 2016.

8.       Plaintiff informed her manager Anthony Bercollon of her pregnancy.

9.       In December 2016, plaintiff was given a new manager by the name of Robert (last name unknown).

10.       Plaintiff performed her duties up to the reasonable expectations of her employer.

11.       Plaintiff arrived to work on January 27, 2017 to work from 7:00 p.m. to 5:30 a.m.

12.       Early in her shift plaintiff began to experience flu-like symptoms.

13.       Plaintiff advised her manager Robert and left her post around 10:00 p.m.

14.     Plaintiff went to AmCare facility, Amazon's on-site first aid station, where her blood pressure was taken.

15.     The AmCare nursing staff contacted her manager Robert and asked for plaintiff to be given voluntary time off.

16.     Robert denied plaintiff's request for VTO and plaintiff was forced to use her sick time.

17.     On January 28, 2017, plaintiff was treated at Lourdes Medical Center, located at 218 Sunset Road, Willingboro, New Jersey 08046, where it was confirmed plaintiff had the flu and that it was difficult to detect plaintiff's baby's heartbeat.

18.     Plaintiff was advised to take two to three days off work to rest.

19.     Plaintiff called the Amazon hotline and left a message informing them of her development.

20.     On January 29, 2017 plaintiff checked the Amazon Hub and saw that her sick time hours were in the negative.

21.     Plaintiff met with an individual in human resources on January 29, 2017 and explained that she had the flu and her trip the Emergency Room, where there was difficulty detecting her baby's heartbeat.

22.     Plaintiff brought in a doctor's note indicating she had been advised to take two to three days off.

23.     Plaintiff was told by human resources that Amazon "does not accept doctor's notes" and that since her hours were in the negative she would likely be terminated.

24.     Plaintiff received an email from Shannon Eleuteri, a human resources operation manager, informing her that her hours were in the negative.

3

25.     Again, plaintiff reiterated that she was pregnant and was suffering from the flu and that due to the danger to her unborn child she was advised by her doctor to take two to three days off.

26.     Plaintiff also explained to defendant that any time off taken was due to pregnancy.

27.     On February 2, 2017, plaintiff was sent a formal letter informing her of her termination, effective February 1, 2017.

28.     On April 14, 2017, plaintiff was advised by Stephanie Whitnetti, a fellow Amazon employee who was also pregnant, that she had gotten sick while at work also.

29.     Mr. Whitnetti was allowed to use a program called "Certification of Fitness" which gave her one week of time off and she was not required to use her own personal sick time.

30.     This program was not offered to the plaintiff.

31.     By requesting two to three days off, Plaintiff requested an accommodation of her pregnancy.

32.     By requesting two to three days off, Plaintiff requested a reasonable accommodation of a disability.

33.     Plaintiff thus engaged in acts of protected conduct under the LAD.

34.     A determinative or motivating factor in Plaintiff's termination was her pregnancy.

35.     A determinative or motivating factor in Plaintiff's termination was disability and/or defendant's perception that she was disabled and/or perceptions held by defendant of or regarding disability, to wit, plaintiff's continued utility as an employee.

36.     A determinative of motivating factor in Plaintiff's termination was her requests for accommodation.

37.     As the result of her termination, Plaintiff has been caused to suffer economic and non-economic harm.

38.     Plaintiff's termination was participated in by members of upper management, and was undertaken maliciously, intentionally, egregiously and/or with a willful and wanton disregard for the rights of the Plaintiff, warranting the imposition of punitive damages.

## COUNT I

### Discrimination Based on Disability Under the LAD

39.     Plaintiff hereby repeats and realleges paragraphs 1 through 38, as though fully set forth herein.

40.     Plaintiff was subjected to discrimination based on her disability.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages,  punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement and/or promotion or any other relief the Court deems equitable and just.

## COUNT II

### Perception of Disability Discrimination Under the LAD

41.     Plaintiff hereby repeats and realleges paragraphs 1 through 40, as though fully set forth herein.

42.     For the reasons set forth above, plaintiff was subjected to adverse employment actions based on the defendant's perceptions held of or disregarding disability.

5

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement and/or promotion or any other relief the Court deems equitable and just.

## COUNT III

### Failure to Accommodate Disability Under the LAD

43.   Plaintiff hereby repeats and realleges paragraphs 1 through 42, as though fully set forth herein.

44.   As a result of her disability condition, plaintiff made several requests to the defendant that she receive a reasonable accommodation.

45.   Despite receiving plaintiff's numerous requests for accommodation, defendant failed to engage in any interactive process to establish whether or not the accommodation could be provided for by the plaintiff, and/or failed to provide any reasonable accommodation.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement and/or promotion or any other relief the Court deems equitable and just.

## COUNT IV

### Pregnancy Discrimination

46.   Plaintiff hereby repeats and realleges paragraphs 1 through 45 as though fully set forth herein.

6

47.     Plaintiff was terminated because of her pregnancy.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement and/or promotion or any other relief the Court deems equitable and just.

## COUNT V

### Failure to Accommodate Pregnancy Under the LAD

48.     Plaintiff hereby repeats and realleges paragraphs 1 through 47, as though fully set forth herein.

49.     As a result of her pregnancy, plaintiff made several requests to the defendant that she receive a reasonable accommodation.

50.     Despite receiving plaintiff's numerous requests for accommodation, defendant failed to engage in any interactive process to establish whether or not the accommodation could be provided for by the plaintiff, and/or failed to provide any reasonable accommodation.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement and/or promotion or any other relief the Court deems equitable and just.

7

## COUNT VI

### Retaliation Under the LAD

51.     Plaintiff hereby repeats and realleges paragraphs 1 through 50, as though fully set forth herein.

52.     Plaintiff engaged in protected activity under the LAD, in that she made requests for a reasonable accommodations of disability and/or pregnancy.

53.     As a results of plaintiff engaging in protected activity, she was subject to multiple employment actions, including, but not limited to, being terminated.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement and/or promotion or any other relief the Court deems equitable and just.

## COUNT VII

### Request for Equitable Relief

54.     Plaintiff hereby repeats and realleges paragraphs 1 through 53 as though fully set forth herein.

55.     Plaintiff requests the following equitable remedies and relief in this matter.

56.     Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

57.     Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

8

58.     To the extent that plaintiff was separated from employment and to the extent that the separation is contested herein, plaintiff requests equitable reinstatement, with equitable back pay and front pay.

59.     Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the plaintiff.

60.     Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

61.     Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

62.     Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**


By:  **/s/ Drake P. Bearden**
Dated: October 25, 2017                **Drake P. Bearden**

## DEMAND TO PRESERVE EVIDENCE

1.      All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

                              **COSTELLO & MAINS, LLC**


                              By:  **/s/ Drake P. Bearden**
                                   **Drake P. Bearden**


## JURY DEMAND

        Plaintiff hereby demands a trial by jury.

                              **COSTELLO & MAINS, LLC**


                              By:  **/s/ Drake P. Bearden**
                                   **Drake P. Bearden**


10

## RULE 4:5-1 CERTIFICATION

1.      I am licensed to practice law in New Jersey and am responsible for the captioned

matter.

2.      I am aware of no other matter currently filed or pending in any court in any

jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**


By: **/s/ Drake P. Bearden**
**Drake P. Bearden**

## DESIGNATION OF TRIAL COUNSEL

Drake P. Bearden, Esquire, of the law firm of Costello & Mains, LLC, is hereby-

designated trial counsel.

**COSTELLO & MAINS, LLC**


By: **/s/ Drake P. Bearden**
**Drake P. Bearden**